UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JJ Bada Operating Corp., <br><br> Plaintiff, <br><br> vs. <br><br> Dokdoya, Inc., Taejung Kim, and Hu Lin Cui, <br><br> Defendants. | Civil Action No. 2:19-cv-09194-ES-CLW <br><br> **REPORT & RECOMMENDATION** |

**WALDOR,** Magistrate Judge,

This matter comes before the Court by way of referral from the Honorable Esther Salas, U.S.D.J., to issue a report and recommendation regarding Defendants Dokdoya, Inc., Taejung Kim, and Hu Lin Cui's Motion to Dismiss for Failure to Prosecute and Failure to Provide Discovery (ECF No. 38). The Court declined to hear oral argument pursuant to Rule 78 and as set forth more fully below, the Court recommends that the Motion to Dismiss be **GRANTED**.

   **I.**   **BACKGROUND**

Plaintiff JJ Bada Operating Corp. operates a restaurant called Bada Story, specializing in "Korean style live and premium sushi," in Fort Lee, New Jersey. (Compl., ¶¶ 1, 7). This action arises out of Defendants' alleged scheme to steal Bada Story's "dishes and business processes" and run a copycat restaurant in Flushing, Queens. (*Id.* ¶¶ 23-30). Plaintiff filed its Complaint on April 2, 2019. (ECF No. 1). Plaintiff brought four claims against Defendants: Violation of the New Jersey Trade Secrets Act [Count One], Unfair Competition [Count Two], Palming Off [Count Three], and Copyright Infringement [Count Four]. (*Id.* ¶¶ 44-55). In its Complaint, Plaintiff erroneously pled that it had copyright registration for its menu. (*Id.* ¶ 52). On October 26, 2019, pursuant to an October 23, 2019 Court order, Plaintiff filed a notice of voluntary withdrawal of its copyright claim, "pending copyright registration." (ECF No. 25).

Defendants filed their answer on May 31, 2019. (ECF No. 14). The Court held the Rule 16 Conference on July 11, 2019 and entered a Pretrial Scheduling Order on that date. (ECF No. 19). As detailed further below, Plaintiff consistently failed to adhere to the Pretrial Scheduling Order and subsequent discovery orders. On January 23, 2020, after repeated delays in discovery, the Court granted Defendants leave to file a motion to dismiss the case for Plaintiff's failure to provide discovery and to prosecute this matter. (ECF No. 36). Defendants filed their Motion with leave of Court on March 31, 2020. (ECF No. 38). Plaintiff opposes the Motion. (ECF No. 49).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action, upon motion of the defendant, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" With respect to discovery, Federal Rule of Civil Procedure 37(b)(2)(A) provides for "dismissing the action or proceeding in whole or in part" as a sanction for failure to follow discovery orders. In *Poulis v. State Farm Fire and Casualty Insurance Company*, the Third Circuit articulated a multifactor balancing test for determining whether the dismissal of an action with prejudice is an appropriate remedy. The factors include: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal…and (6) the meritoriousness of the claim or defense." 747 F.2d 863, 868 (3d Cir. 1984). "Not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

## III.   DISCUSSION

Plaintiff has failed to comply with this Court's orders and fulfill its basic obligations in discovery. The Court held a Rule 16 initial conference on July 11, 2019 and entered a Pretrial

Scheduling Order on that date. Under the Pretrial Scheduling Order, Plaintiff was required to serve its interrogatories and document requests to Defendants by August 15, 2019 and to respond to Defendants' requests by September 30, 2019. (ECF No. 19, ¶¶ 5-6). Plaintiff did not comply with these deadlines. On October 22, 2019, on the eve of the October 23, 2019 status conference, Plaintiff served Defendants with its requests and responded to Defendants' requests. (Decl. of Matthew A. Kaplan, ECF No. 38-2, ¶ 12). Not only were Plaintiff's discovery requests and responses served well past the Pretrial Scheduling Order deadlines, they were also patently deficient. Plaintiff did not produce a single document in response to Defendants' document requests and instead listed boilerplate objections to Defendants' requests. (*Id.* ¶ 13; *see also* Ex. 5 to Kaplan Decl., ECF No. 38-7, at pp. 1-9). Plaintiff's interrogatory responses were similarly deficient. For example, despite seeking damages against Defendants for allegedly operating a competitor restaurant that replicated Plaintiff's dishes, Plaintiff refused to answer Interrogatories Nos. 6 and 7 about Plaintiff's sales figures, including for its signature dishes. (Ex. 5 to Kaplan Decl., ECF No. 38-7, at pp. 13-14).

Plaintiff also failed to identify its alleged trade secrets, a failure which has been ongoing for months. In its interrogatory responses, Plaintiff listed "how to operate a Korean sushi restaurant," "how to create a successful Korean sushi restaurant menu," "how to create high-demand Korean side dishes served at Bada Story," and "how to serve fresh fish menu items" as trade secrets. (Ex. 5 To Kaplan Decl., ECF No. 38-7, at p. 11). Plaintiff stated that this response "may be further elaborated upon entry of a protective order." (*Id.*). The Court ordered Plaintiff to sign and docket a confidentiality agreement to facilitate the production of discovery responses (ECF No. 22), and the Court entered a Discovery Confidentiality Order on October 25, 2010. (ECF No. 26). However,

as discussed below, Plaintiff did not elaborate on the nature of the alleged trade secrets with any specificity, even after this Order was entered.

On October 23, 2019, the Court held a status conference and entered an Order directing Plaintiff to "produce all responsive documents by October 31, 2019." (ECF No. 22). Plaintiff did not do so. In response to this Order, Plaintiff merely produced seventeen photographs of food, twelve edited photographs of food, a draft copy of Plaintiff's menu, and a final copy of Plaintiff's menu. (Kaplan Decl., ECF No. 38-2, ¶ 21). On December 5, 2019, Defendants filed a letter with the Court concerning Plaintiff's severely deficient document production and interrogatory responses. (ECF No. 29). Plaintiff provided "Amended Consolidated Responses to Defendants' Discovery Requests" on January 22, 2020, one day before the next status conference in the case. (Kaplan Decl., ECF No. 38-2, ¶¶ 31-32). These responses, attached as Exhibit 13 to the Kaplan Declaration, did not include any new documents. (ECF No. 38-15).

The Court held its next status conference on January 23, 2020. In light of Plaintiff's numerous delinquencies, the Court entered another Order directing Plaintiff to participate in discovery. The Court ordered Plaintiff to: (1) "provide specific trade secrets including alleged processes they claim are protected by February 6, 2020;" (2) "provide discovery on any damages claimed," given that "Plaintiff has agreed that there has been no loss of business or profits as a result of the allegations;" and (3) "provide a list of employees that worked during the time period of the alleged incident." (ECF No. 36). The Court gave Defendants leave to file a motion to dismiss for Plaintiff's failure to prosecute, if Plaintiff did not comply with this Order.

Plaintiff did not provide any of this discovery by the Court-ordered deadline of February 6, 2020. (Kaplan Decl., ECF No. 38-2, ¶ 34). On February 7, Defendants contacted Plaintiff's counsel and inquired if Plaintiff had "served supplementary discovery….pursuant to Judge Waldor's order

of January 23, 2020." (Ex. 15 to Kaplan Decl., ECF No. 38-17). The following day, Plaintiff provided "Second Amended Consolidated Discovery Responses." (Kaplan Decl., ECF No. 38-2, ¶ 36). For the second time since filing the Complaint in April 2019, Plaintiff produced a batch of documents. This batch consisted only of twelve photographs and five drafts of Plaintiff's menu. (*Id.*).

Plaintiff did not comply with any portion of the Court's January 23, 2020 Order. Plaintiff did not provide Defendants with "specific" trade secrets or protected processes. (*Id.,* ¶ 37). Likewise, Plaintiff did not provide any discovery related to damages, nor did Plaintiff produce a list of employees who worked at Plaintiff's restaurant during the time of the alleged incident. (*Id.*). On March 2, 2020, weeks after the Court deadline for the production of these three categories of discovery, Defendants sent a deficiency letter to Plaintiff. (Ex. 17 to Kaplan Decl., ECF No. 38-19). At the time of the filing of the instant Motion, Plaintiff had not responded to this letter. (Kaplan Decl., ECF No. 38-2, ¶ 42).

In light of Plaintiff's course of conduct, the Court finds that the *Poulis* analysis weighs in favor of dismissing this action. Four of the six *Poulis* factors support Defendants' Motion and compel the conclusion that dismissal of this matter is an appropriate remedy for Plaintiff's failure to prosecute its case.

First, Plaintiff has demonstrated a "history of dilatoriness." Plaintiff violated the initial Pretrial Scheduling Order, the October 23, 2019 discovery Order, and the January 23, 2019 discovery Order. Plaintiff repeatedly flouted discovery deadlines and failed to produced categories of documents specifically ordered by the Court altogether. Plaintiff's "repeated delay," "consistent non-response to court orders," and "consistent tardiness in complying with court Orders" constitute a pattern of dilatoriness that weighs in favor of dismissal under the *Poulis* test. *Adams v. Trustees*

*of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994); *see also Khan v. Guardian Life Ins. Co. of Am.*, No. CV 16-253, 2017 WL 3317302, at *3 (D.N.J. Aug. 2, 2017).

Second, Plaintiff's repeated violations of the Court's discovery orders were "willful." *Poulis*, 747 F.2d at 868. Plaintiff's participation in the case consisted mainly of providing discovery responses on the eve of status conferences with the Court, rather than abiding by discovery schedules. Plaintiff continued to ignore Court deadlines even after the Court attempted to remedy Plaintiff's noncompliance and move the discovery process forward by extending discovery deadlines in its October 23, 2019 and January 23, 2020 Orders. Though "Plaintiff's conduct may not have been in bad faith," Plaintiff's "lack of attention to this case" after the Court's multiple "sympathetic" attempts to accommodate its difficulties with producing discovery "indicates that [its] conduct was willful." *Martino v. Solaris Health Sys. Corp.,* No. CIV.A.04 6324 SRC, 2007 WL 1959226, at *2 (D.N.J. June 29, 2007); *see also Hunt-Roble v. Lord, Worrell & Richter, Inc.,* 2012 WL 2340418, *5 (D.N.J. Jun. 19, 2012).

Moreover, despite missing discovery deadlines, Plaintiff did not make "timely request[s] for extension." *Poulis*, 747 F.2d at 867. In its Opposition to this Motion, Plaintiff does not adequately explain its failure to request extensions or participate in discovery in a timely manner. Rather, Plaintiff inexplicably argues that "the pre-January 2020 history [of discovery disputes] is not relevant or material" to Defendants' Motion. (Pl.'s Opp., ECF No. 49, at p. 17). In fact, Plaintiff does not analyze the *Poulis* factors at all in its Opposition.

Third, Plaintiff's noncompliance prejudiced Defendants. Defendants "pursued the available discovery methods to avoid being prejudiced," including filing letters with the Court regarding Plaintiff's inadequate discovery responses. *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*,

6

843 F.2d 683, 694 (3d Cir. 1988). Defendants filed such letters on October 15, 2019 and December 5, 2019. (ECF Nos. 21 and 29). Defendants also expended resources serving Plaintiff with deficiency letters directly on numerous occasions. (Kaplan Decl., ECF No. 38-2, ¶¶ 9, 22, 40).

Defendants' pursuit of Plaintiff's discovery responses has been to no avail, as Plaintiff has failed to provide most categories of discovery responses to date. Defendants' fruitless expenditure of its resources and the frustration of Defendants' ability to understand the nature of Plaintiff's claims is prejudicial. *See Khan,* 2017 WL 3317302, at *2 (D.N.J. Aug. 2, 2017) ("undue delays caused by plaintiff's failure to prosecute and comply with court orders were 'inherently prejudicial' to the defendant," and "Plaintiff's failure to maintain communication with both Defendant and the Court and move this matter unfairly prejudices Defendant.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)).

Fourth, the history of Plaintiff's conduct suggests that sanctions short of dismissal would be ineffective. The Court issued two Orders directing Plaintiff to produce specific information by a set date. (ECF Nos. 22 and 36). In the January 23, 2020 Order, the Court gave Defendants leave to file a motion to dismiss if Plaintiff failed to comply. The threat of dismissal did not motivate Plaintiff to follow the Court's Order. Therefore, it is doubtful that lesser sanctions would compel Plaintiff to meet discovery deadlines.

Next, the Court looks to whether Plaintiff's claims have merit. For almost six months, Plaintiff pursued a copyright infringement claim [Count Four] despite lacking copyright registration for its menu. Plaintiff has failed to produce discovery that substantiates its remaining claims. With respect to Count One, Violation of the New Jersey Trade Secrets Act, in its February 8, 2020 supplemental responses, Plaintiff listed ten dishes and their preparation methods as trade secrets. (Def.'s Br., ECF No. 38-1, at pp. 17-18). In its Opposition, Plaintiff claims that these ten dishes from its menu

are protectible trade secrets. (Pl.'s Opp., ECF No. 49, at pp. 22-32). Count Two of Plaintiff's Complaint – Unfair Competition – appears flawed as well. Plaintiff "has agreed that there has been no loss of business or profits as a result of the allegations," and did not provide any discovery on damages when ordered to do so. (ECF No. 36).

Nevertheless, *Poulis* directs the Court to conduct a facial analysis of Plaintiff's claims and deem Plaintiff's claims as meritorious if "the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 876 (3d Cir. 1994) (quoting *Poulis*, 747 F.2d at 869-870)). Therefore, even though Plaintiff's deficient discovery responses do not evince an ability to establish its claims at trial, this factor does not strongly support dismissal.

The remaining *Poulis* factor – Plaintiff JJ Bada Operating Corp.'s personal responsibility for its failure to prosecute this case in a timely manner – is neutral. The record is silent as to JJ Bada Operating Corp.'s role in the prosecution of the case.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Motion to Dismiss (ECF No. 38) be **GRANTED** and that the Court enter an order dismissing this case in its entirety with prejudice.

Pursuant to Local Rule 72.1(c)(2), parties shall have 14 days from the date this report is filed with the Clerk of the Court to file and serve objections to this Report and Recommendation.

**SO ORDERED**

**Dated:** June 29, 2020

s/ Cathy Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**
