UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT<br>JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

October 27, 2021

**LETTER ORDER**

Re:   *JJ BADA Operating Corp. v. Dokdoya, Inc., et al.*
      Civil Action No. 19-9194 (ES) (CLW)

Dear counsel:

On March 31, 2020, defendants Dokdoya Inc., Taejung Kim, and Hu Lin Cui (collectively, "Defendants") moved to dismiss plaintiff JJ BADA Operating Corp.'s ("Plaintiff") complaint for Plaintiff's failure to prosecute and failure to provide discovery ("Motion"). (D.E. No. 38 & D.E. No. 38-1 ("Def. Mov. Br.")). Plaintiff opposes the Motion (D.E. No. 49 ("Pl. Opp. Br."), and Defendants replied (D.E. No. 50 ("Def. Reply Br.")). On June 30, 2020, the Honorable Cathy L. Waldor, United States Magistrate Judge, issued a Report and Recommendation, recommending that the Undersigned grant Defendants' Motion. (D.E. No. 51 ("R&R")). Plaintiff objected to Judge Waldor's R&R (D.E. No. 54 ("Pl. Obj. Br.")), and Defendants responded (D.E. No. 55 ("Def. Resp. Br.")).

The R&R includes a detailed recitation of Plaintiff's repeated failure to adhere to Judge Waldor's discovery orders and to fulfill its "basic obligation in discovery." (R&R at 2). For purposes of this Letter Order, the Undersigned only summarizes the relevant procedural history.

Plaintiff served its interrogatories and document requests and responded to Defendants' discovery requests on October 22, 2019, when the deadlines to serve and respond to discovery requests were August 15, 2019, and September 20, 2019, respectively. (*Id.* at 3). Not only did Plaintiff miss the deadlines imposed in Judge Waldor's pretrial scheduling order, but also its responses to discovery requests were "patently deficient." (*Id.*). For example, Plaintiff did not produce a single document in response to Defendants' document requests. (*Id.*). On October 23, 2019, Judge Waldor ordered Plaintiff to "produce all responsive documents by October 31, 2019." (*Id.* at 4). However, by January 23, 2020, Plaintiff only produced seventeen photographs of food, twelve edited photographs of food, a draft copy and a final copy of Plaintiff's menu. (*Id.* at 4).

Plaintiff's October 22, 2019 responses also failed to identify its alleged trade secrets, which are crucial to Plaintiff's claims alleging (i) violation of New Jersey Trade Secrets Act, (ii) unfair competition, and (iii) "palming off." (*Id.* at 1 (citing D.E. No. 1, Complaint)). Instead, Plaintiff

generally stated that the trade secrets at issue were "how to operate a Korean sushi restaurant," "how to create a successful Korean sushi restaurant menu," "how to create high-demand Korean side dishes served at Bada Story," and "how to serve fresh fish menu items." (*Id.* at 3). It insisted that its responses "may be further elaborated upon entry of a protective order." (*Id.*). Yet after a protective order was entered on October 25, 2019, and as of January 23, 2020, Plaintiff still had not elaborated on the nature of its trade secrets. (*Id.* at 4–5).

On January 23, 2020, after an in-person status conference, Judge Waldor issued a text order directing the Plaintiff "to provide specific trade secrets including alleged processes they claim are protected by February 6, 2020." (D.E. No. 36 ("Text Order")). The Text Order also stated that "Plaintiff has agreed that there has been no loss of business or profits as a result of the allegations and must also provide discovery on any damages claimed." (*Id.*). Finally, Judge Waldor ordered Plaintiff to "provide a list of employees that worked during the period of time of the alleged incident." (*Id.*). The Text Order allowed Defendants to file a motion for failure to provide discovery and failure to prosecute if such discovery was not provided. (*Id.*).

Plaintiff again missed the February 6, 2020 deadline. (R&R at 4). On February 8, 2020, Plaintiff served Defendants with its "Second Amended Consolidated Responses to Defendants' Discovery Requests Provided in Accordance with Confidentiality Protective Order" ("Second Consolidated Responses" or "SCR") and produced twelve photographs and five drafts of its menu. (*Id.* at 4–5). In the R&R, Judge Waldor finds that Plaintiff failed to comply with any portion of the Text Order. (*Id.* at 5). After finding that four of the six *Poulis* factors favor a dismissal, Judge Waldor recommends that the Undersigned grant Defendants' Motion.[1] (*Id.* at 5–8).

Plaintiff objects to Judge Waldor's findings regarding the four *Poulis* factors. Specifically, Plaintiff argues that: (i) there is no history of dilatoriness by Plaintiff—it has been "actively participating and supplementing after each discovery conference"; (ii) Plaintiff did not commit any willful violation of Judge Waldor's order—its discovery responses complied with the Text Order, and Plaintiff only missed the February 6, 2020 deadline "by a day or two"; (iii) Defendants are not prejudiced because Plaintiff complied with Judge Waldor's Text Order; and (iv) Judge Waldor did not consider sanctions other than dismissal and that "[t]here has never been a case where alleged non-material quibbling with discovery resulted in the extreme sanction of dismissal." (Pl. Obj. Br. at 25–30).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, such as the one at issue, the district court must make a *de novo* determination of those portions of the magistrate judge's report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F.Supp.2d 229, 231 (D.N.J. 2002).

---

[1] The Third Circuit articulated a multifactor balancing test in *Poulis v. State Farm Fire and Casualty Insurance Company*, for determining whether the dismissal of an action with prejudice is an appropriate remedy. 747 F.2d 863, 868 (3d Cir. 1984). The factors include: "(1) the extent of the *party*'s personal responsibility; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*, and (6) the *meritoriousness* of the claim or defense." *Id.* (emphasis in original).

Under Federal Rule of Civil Procedure 72, the Undersigned "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

Preliminarily, the Undersigned agrees with Judge Waldor that Plaintiff's Second Consolidated Responses fell woefully short of meeting its discovery obligations and failed to comply with Judge Waldor's Text Order. The Text Order directed Plaintiff to provide discovery on three issues: the nature of its alleged trade secrets, damages, and a list of employees who worked at Plaintiff's restaurant at the relevant time. (D.E. No. 36). The Undersigned will address each issue in turn.

With respect to the specificities of Plaintiff's trade secrets, the Second Consolidated Responses discloses for the first time the ingredients and processes of making ten dishes as trade secrets. (SCR at 13–16). However, it also includes the exact language from Plaintiff's first set of discovery responses that prompted the disputes at issue. Namely, the Second Consolidated Responses states that:

> Subject to objection, the following disclosure may be further elaborated upon entry of a protective order in accordance with Appendix S.
>
> A.   How to operate a Korean sushi restaurant.
> B.   How to create a successful Korean sushi restaurant menu.
> C.   How to create high-demand Korean side dishes served at Bada Story.
> D.   How to serve fresh fish menu items.

(*Compare id.* at 16–17 *with* D.E. No. 38-7, Plaintiff's Consolidated Response to Defendants' Discovery Requests, at 11). It is because of Plaintiff's continuing failure, from the entry of the protective order in October 2019 to January 2020, to supplement its discovery responses, Judge Waldor issued the Text Order. (*See* D.E. Nos. 26 & 36). Yet Plaintiff's disclosure on February 8, 2020, still failed to cure the deficiency.

On May 5, 2020, almost three months after it served the Second Consolidated Responses, and only after Defendants filed the instant Motion, counsel for Plaintiff declared for the first time that "[o]ther than the redacted ingredients and processes, we will not litigate the balance of Response 3 as to how to operate a sushi restaurant or how to serve sushi dishes." (D.E. No. 49-3 ¶ 20). To the extent that this decision was made before the Second Consolidated Responses were served, Plaintiff failed to meet its obligations under Federal Rule of Civil Procedure 26(e) to "supplement or correct its disclosure or response." But if this decision was made after the Second Consolidated Responses was served, Plaintiff's responses patently failed to comply with Judge Waldor's Text Order. Regardless, the Undersigned will not tolerate the type of gamesmanship or, to give counsel for Plaintiff the benefit of the doubt, sloppiness that led to the unnecessary

expenditure of the already-scarce judicial resources, as well as the constant burden on Defendants to chase after Plaintiff for discovery they are entitled to.

With respect to Plaintiff's discovery responses on damages, the Undersigned similarly finds that Plaintiff failed to comply with the Text Order. In its opposition to the Motion and the objection to the R&R, Plaintiff seemingly argues that its case should not be dismissed for lack of prosecution because, while it waived a claim for lost profits, it still seeks other forms of damages. (*See* Pl. Opp. Br. at 30 ("Because loss-of-profits is merely one of several available forms of relief, the fact that Plaintiff knowingly waived the loss-of-profits damages potential does not render the case moot and the case should now proceed with damages, injunctive relief, legal fees and costs."); Pl. Obj. Br. at 24 (same)). Plaintiff misses the point. Plaintiff's waiver of lost profits is not the reason why Judge Waldor recommends dismissal. Rather, the R&R clearly explains that the recommendation is based partially on the fact that "Plaintiff did not provide any discovery related to damages." (R&R at 5). Plaintiff appears to suggest that it may seek damages "measured by [P]laintiff's losses, which may include the cost of developing the trade secret." (Pl. Obj. Br. at 21). It also apparently suggests that it can seek damages measured by profits obtained by Defendants, such as through a reasonable royalty. (*Id.*). Indeed, with absolutely no factual or legal support, Plaintiff argues that the Court should rule that "Plaintiff is entitled to a 10% royalty on defendants' gross revenue." (Pl. Opp. Br. at 33). At bottom, Plaintiff argues that it is entitled to damages other than lost profits "as the facts warrant." (*See* Pl. Obj. Br. at 21). The key issue here is that those "facts" are discoverable, and Plaintiff continued to ignore the Text Order's directive to provide such information.

For example, if Plaintiff intends to seek damages based on "the cost of developing the trade secret," it must disclose all relevant information on such cost. If Plaintiff plans to seek a 10% reasonable royalty, it is obligated to disclose any factual basis in its possession, control, and custody that supports such a claim. Moreover, regardless of Plaintiff's damages theory, Defendants are entitled to discovery on matters that are relevant to their defenses, including facts that may shed light on, for example, the value of the alleged trade secrets. Despite Judge Waldor's clear order for Plaintiff to "provide discovery on *any damages claimed*," Plaintiff has not produced any document or responded to Defendants' discovery requests regarding damages. (D.E. No. 36 (emphasis added)); *see* SCR at 19 (stating that discovery requests regarding Plaintiff's sales data are "palpably irrelevant and not calculated to lead to the discovery of any admissible evidence")). Plaintiff, therefore, violated the Text Order by failing to disclose discovery on damages.

Finally, Plaintiff failed to provide a list of employees who worked during the time of the alleged incident. Plaintiff does not even attempt to argue that it disclosed such a list. Instead, it argues that it disclosed the names of employees who had access to its trade secrets. (*See* Pl. Obj. Br. at 24). For support, Plaintiff points to its response to Defendants' interrogatory number two, which seeks the identification of "all persons with knowledge or information concerning the alleged trade secrets claimed in this action." (*Id.*; *see* SCR ¶ 2). Again, Plaintiff misses the point. The relevant interrogatory is Defendants' interrogatory number ten, which seeks the identification of "all employees, including but not limited to chefs, sushi chefs, cooks, and wait staff, employed by Plaintiff for the past eight years at any location," to which Plaintiff did not respond. (SCR ¶ 10). Moreover, the Text Order further dispelled any potential confusion as to Plaintiff's discovery obligation, and Plaintiff simply failed to follow the Judge Waldor's orders.

Because Plaintiff failed to provide sufficient discovery on any of the three items the Text Order addressed, and in light of the procedural history of this case, the Undersigned agrees with Judge Waldor that: (i) Plaintiff has demonstrated a history of dilatoriness; (ii) Plaintiff's repeated violations of the discovery orders were willful, and (iii) Plaintiff's noncompliance prejudiced Defendants. (*See* R&R at 5–7). Nonetheless, the Undersigned recognizes that a dismissal of an action is an "extreme sanction" and is indeed "the most severe in the spectrum of sanctions." *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Undersigned also notes that, with a dismissal, it is "an innocent party [who] bear[s] the brunt of its counsel's dereliction." *Poulis*, 747 F.2d at 869. Here, despite the conduct discussed above, counsel for Plaintiff has been engaged in the litigation. Accordingly, the Undersigned will modify the sanction as recommended by Judge Waldor and order counsel for Plaintiff to pay Defendants' attorney fees relating to the Motion, including the Defendants' brief in response to Plaintiff's objection to the R&R, which were only filed due to Plaintiff's unjustified failure to fulfill its discovery obligations.

Counsel for Plaintiff is also on notice that, as discussed above, the Court will not tolerate further noncompliance of the Court's orders, including missing any deadline by even a few hours. To the extent that deadlines cannot be met, the parties shall give one another ample notice and properly seek extensions *before* the deadline. Moreover, the parties shall meet and confer in good faith to resolve any potential dispute and strictly adhere to Rule 26(e)'s requirement to supplement and correct any prior disclosure. The Undersigned will impose further sanctions if the unjustified noncompliance continues, and such sanction may include a dismissal of the action with prejudice.

Accordingly, the Undersigned REJECTS the R&R only with respect to the dismissal of the action and ADOPTS the remaining of the R&R as MODIFIED. Defendants' Motion is DENIED.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**