**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JJ BADA OPERATING CORP.,** | |
| **Plaintiff,** | **Civil Action No.: 19-09194 (ES) (CLW)** |
| **v.** | **OPINION** |
| **DOKDOYA, INC.,** *et al.*, | |
| **Defendants.** | |

SALAS, DISTRICT JUDGE

Pending before the Court is Plaintiff JJ Bada Operating Corp.'s motion for reconsideration (D.E. No. 68) challenging this Court's partial rejection of the Report and Recommendation to dismiss its Complaint (D.E. No. 1) issued by the Honorable Cathy L. Waldor, United States Magistrate Judge (D.E. No. 51 ("R&R")). (D.E. No. 60 ("Letter Order")). Defendants Dokdoya, Inc., Taejung Kim, and Hu Lin Cui oppose the motion. (D.E. No. 69).[1] Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the motion is **DENIED**.

### I.     BACKGROUND

The Court summarizes the relevant procedural history and incorporates the recitation of events as stated in its prior Letter Order. (*See* Letter Order). Plaintiff filed the Complaint in this action on April 2, 2019. (D.E. No. 1). On January 23, 2020, after holding a status conference, Judge Waldor issued a text order directing Plaintiff to, among other things, "provide specific trade

---

[1] Plaintiff improperly filed a reply without the Court's permission as required pursuant to Local Civil Rule 7.1(d)(3). (*See* D.E. No. 72). Notwithstanding, the Court considered Plaintiff's reply.

secrets . . . they claim are protected" and "provide discovery on any damages claimed" by February 6, 2020.  (D.E. No. 36 ("Text Order")).  Judge Waldor also granted Defendants leave to file a motion for failure to provide discovery and failure to prosecute if Plaintiff failed to comply with the Text Order.  (*Id.*).  In addition, Judge Waldor extended the fact discovery deadline to March 31, 2020, "due to delinquency in discovery," and provided that no further extensions would be granted.  (*Id.*).  Although Plaintiff produced a limited batch of documents on February 8, 2020, the production did not comply with the Text Order.  (R&R at 4–5).

On March 31, 2020, Defendants moved to dismiss the Complaint for failure to prosecute and failure to provide discovery.  (D.E. No. 38).  On June 30, 2020, Judge Waldor issued the R&R on Defendants' motion to dismiss in which Her Honor stated that Plaintiff wholly failed to comply with the Text Order.  (R&R at 5).  After finding that four of the six factors set forth in *Poulis v. State Farm Fire and Casualty Insurance Company*, 747 F.2d 863, 868 (3d Cir. 1984) favored a dismissal, Judge Waldor recommended that the Undersigned grant the motion to dismiss.  (R&R at 5–8).  Plaintiff timely filed an objection to the R&R.  (D.E. No. 54).

As discussed in the Letter Order, the Court found that the R&R included "a detailed recitation of Plaintiff's repeated failure to adhere to Judge Waldor's discovery orders and to fulfill its 'basic obligation in discovery.'" (Letter Order at 1 (quoting R&R at 2)).  The Court made clear that it would "not tolerate the type of gamesmanship or, to give counsel for Plaintiff the benefit of the doubt, sloppiness that led to the unnecessary expenditure of the already-scarce judicial resources, as well as the constant burden on Defendants to chase after Plaintiff for discovery they are entitled to." (*Id.* at 3–4).  In addition, the Court found that "the Text Order further dispelled any potential confusion as to Plaintiff's discovery obligation, and Plaintiff simply failed to follow Judge Waldor's orders." (*Id.* at 4).  In sum, the Court agreed with Judge Waldor in that: "(i)

2

Plaintiff has demonstrated a history of dilatoriness; (ii) Plaintiff's repeated violations of the discovery orders were willful, and (iii) Plaintiff's noncompliance prejudiced Defendants." (*Id.* at 5). However, recognizing that dismissal is the most severe sanction in this context, the Court modified the recommended sanction—thereby allowing Plaintiff's case to proceed—but ordered Plaintiff to pay Defendants' attorney fees relating to the motion to dismiss. (*Id.*). Plaintiff asks the Court to vacate the Letter Order, which sets forth the favorable modified sanction, based on its theory that Defendant's motion to dismiss was improper because discovery was effectively stayed. (D.E. No. 68, Declaration of Michael S. Kimm, Esq. ("Kimm Decl."), ¶¶ 31 & 32).

## II.   LEGAL STANDARDS

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and by Local Civil Rule 7.1(i). *See Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration may only be granted if the moving party shows at least one of the following grounds: (i) an intervening change in the controlling law; (ii) the availability of new evidence that was not available when the court issued the decision; or (iii) the need to correct a clear error of law or fact or to prevent manifest injustice. *Quinteros*, 176 F.3d at 677.

Reconsideration is an extraordinary remedy that should be granted "sparingly." *Martinez*, 2019 WL 4918115, at *1; *see also Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992) (explaining that motions for reconsideration are considered "extremely limited procedural vehicles"). Moreover, a motion for reconsideration "may not be used to relitigate old

matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez*, 2019 WL 4918115, at \*1; *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (noting that reconsideration may not be "used as an opportunity to relitigate the case"). "Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through." *Walsh v. Walsh*, No. 16-4242, 2017 WL 3671306, at \*1 (D.N.J. Aug. 25, 2017), *aff'd*, 763 F. App'x 243 (3d Cir. 2019).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, such as the one at issue, the district court must make a *de novo* determination of those portions of the magistrate judge's report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). Under Rule 72, the Undersigned "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.   DISCUSSION

As a preliminary matter, Plaintiff's motion for reconsideration fails to comply with this District's Local Civil Rules because it did not submit a brief in support of its motion. *See* L. Civ. R. 7.1(i) (providing that reconsideration motions must be supported by a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked"). Nor did Plaintiff file "a statement that no brief is necessary and the reasons therefor" pursuant to Local Civil Rule 7.1(d)(4). Instead, Plaintiff relies on its submitted declaration and prior filings. (Kimm Decl. at 3–12 (ECF pagination)). Declarations are "restricted to statements of fact within the personal knowledge of the signatory" and "[a]rgument of the facts

and the law shall not be contained in such documents." L. Civ. R. 7.2(a). "Legal arguments and summations in such documents will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions or both." *Id.* Even if the motion was procedurally proper, the Court finds that Plaintiff fails to meet the exacting standard required to grant a motion for reconsideration.

First, Plaintiff argues that "[a]lthough the Text Order did not state that other discovery was being stayed, discovery was effectively stayed" during the January 23, 2020 conference. (Kimm Decl. ¶ 15). Plaintiff appears to argue that Judge Waldor effectively stayed all other discovery by narrowing the discovery order to specific requests regarding trade secrets and damages. (*See id.* ¶¶ 15, 20 & 30). Second, Plaintiff suggests that its unresolved objections to discovery requests submitted on February 8, 2020, initiated a stay in discovery. (*See id.* ¶¶ 16, 21, 24, 27 & 30–31 (arguing that Defendants "jumped the gun" in filing their motion to dismiss the action for lack of prosecution when its discovery objections remained unresolved)).[2] Third, Plaintiff argues that Judge Waldor improperly ordered it to "prove" both protectable trade secrets and loss-of profit damages. (*Id.* ¶¶ 21–22). Fourth, Plaintiff argues that it was unable to establish "any other measure of 'damages'" because Defendants had not provided the materials it requested in discovery. (*Id.* ¶ 28). Accordingly, Plaintiff asks this Court to reconsider its decision "based on the unusual facts and procedural history of this case." (*Id.* ¶ 32).

Plaintiff did not raise these arguments in its objection to the R&R. (D.E. No. 54). Because reconsideration is an improper vehicle by which to raise new arguments, Plaintiff's motion fails

---

[2] This argument, however, is belied by the March 31, 2020 fact discovery deadline contained in the same order. (*See* Text Order). For this reason, Plaintiff cannot argue in good faith that the bulk of discovery was effectively stayed in January 2020. Nor is it appropriate for Plaintiff to assume that the objections it lodged in connection with its Second Amended Discovery Responses—submitted two days late on February 8, 2020—rendered a stay of discovery. (*See* Kimm Decl. ¶¶ 16 & 21).

on this basis alone.  *See Martinez*, 2019 WL 4918115, at *1; *see also Blystone*, 664 F.3d at 415; *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013); *Lenox Corp. v. Robedee*, No. 15-1654, 2016 WL 3032686, at *2 (D.N.J. May 26, 2016) (denying reconsideration because the motion only "advance[d] arguments that [the movant] raised or could have raised previously"); *Gaines*, 2015 WL 5771233, at *7 (same); *see also Campbell v. New Jersey*, No. 16-3086, 2017 WL 5593778, at *6 (D.N.J. Nov. 21, 2017) (explaining that it is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices, nor rescue parties from their own errors).  Moreover, none of Plaintiff's arguments are rooted in an intervening change in the controlling law.  (*See generally* Kimm Decl.).

To the extent Plaintiff attempts to invoke new evidence or the need to correct a clear error of fact, these arguments are unavailing.  Plaintiff attaches a November 3, 2021 transcript of a discovery conference before Judge Waldor and submits that during this conference "some issues became crystalized."  (*Id.* ¶ 23 (citing Exhibit 1)).  However, the Court's review of the transcript is consistent with the procedural history as outlined here and in its Letter Order.  Contrary to Plaintiff's argument, Judge Waldor did not stay discovery during the January 23, 2020 conference. (*See id.*, Exhibit 1, at 8:6–14).  The dialogue presents no clear error of fact that, if left unaddressed, would result in manifest injustice.  As such, Plaintiff has failed to show a clear error of fact warranting reconsideration, and Plaintiff's mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law.  *Schmidt v. Wells Fargo Bank, N.A.*, No. 17-1708, 2019 WL 1082716, at *1 (D.N.J. Mar. 7, 2019).

For the reasons stated above, Plaintiff has failed to set forth an appropriate motion for reconsideration.

## IV.    CONCLUSION

Because there is no basis in fact or law to support Plaintiff's request for reconsideration, the Court **DENIES** the motion.  An appropriate Order accompanies this Opinion.

**Dated:** June 29, 2022

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

7